UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

GAMAL ABDELAZIZ,

                                              Plaintiff,

          -against-

CITY OF NEW YORK, MILKO MEJIA, Individually,
and JOHN and JANE DOE 1 through 5, Individually (the names
John and Jane Doe being fictitious, as the true names are presently
unknown),

                                            Defendants.

--------------------------------------------------------------------------------X

**SECOND AMENDED COMPLAINT**

13 CV 7268
(SJ) (VMS)

<u>Jury Trial Demanded</u>

      Plaintiff GAMAL ABDELAZIZ, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

## **Preliminary Statement**

      1.    Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§1981, 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

## **JURISDICTION**

      2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

      3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff GAMAL ABDELAZIZ is a fifty-eight year old American citizen of Middle Eastern descent.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, MILKO MEJIA, and JOHN and JANE DOE 1 through 5, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12. On September 24, 2012 at approximately 4:50 p.m., plaintiff GAMAL ABDELAZIZ was lawfully operating his motor vehicle in the parking lot behind a supermarket located at 195-25 69th Avenue, Fresh Meadows, Queens County, New York.

13. A vehicle driven by defendant NYPD Officer MILKO MEJIA pulled behind plaintiff's vehicle and sounded its horn.

14. In response, plaintiff moved his vehicle so that MEJIA's vehicle could pass.

15. MEJIA sounded his horn again.

16. In response, plaintiff moved his vehicle again.

17. At that time, MEJIA pulled his vehicle to the side of plaintiff's vehicle and stated to plaintiff, in sum and substance, "you fucking asshole."

18. Plaintiff replied by stating to MEJIA, in sum and substance, that MEJIA was the "asshole."

19. After this exchange, plaintiff drove his vehicle to the front of the store to pick up his wife.

20. Before plaintiff got to the front of the store, MEJIA stopped his vehicle in front of plaintiff's vehicle, exited his vehicle, approached plaintiff, and cursed at plaintiff.

21. Plaintiff exited his vehicle and asked MEJIA why he was cursing and reminded MEJIA that plaintiff had moved his vehicle allowing MEJIA to pass.

22. At that time, MEJIA identified himself as an NYPD police officer by displaying

his badge.

23.     Plaintiff, who has an Egyptian accent, responded by saying, in sum and substance, that MEJIA's badge didn't give him the right to curse at plaintiff.

24.     MEJIA then stated to plaintiff, in sum and substance, "you're a terrorist piece of shit, go back home."

25.     Asserting his authority as an NYPD officer, MEJIA demanded plaintiff's car keys and his driver's license.

26.     Plaintiff responded that he would not give his keys to MEJIA.

27.     MEJIA then demanded plaintiff's driver's license.

28.     In response, plaintiff demanded MEJIA's badge number.

29.     MEJIA responded by saying "I'm not going to give you shit."

30.     MEJIA then went to his car, and shortly thereafter returned to plaintiff's location. Again, MEJIA displayed his police badge and stated, in sum and substance, that his son was in the car.

31.     In response, plaintiff stated, in sum and substance, that it was wrong to show his son that he can curse at people because he has a badge.  Plaintiff stated to MEJIA that he wanted his badge number so that he could make a complaint.

32.     In response, MEJIA brutally kicked plaintiff in his groin, striking his testicles and causing severely pain.  MEJIA then repeatedly struck plaintiff in the head, causing plaintiff to fall to the ground, where MEJIA continued to strike plaintiff.

33.     Plaintiff stood up and attempted to retreat to his car, but MEJIA followed plaintiff and continued to strike plaintiff. When plaintiff attempted to get into his car, MEJIA continued to strike him.

34. MEJIA stopped striking plaintiff, returned to his vehicle and called for police assistance on his cellular telephone. When MEJIA called for police assistance, he identified himself as a police officer who was assaulted.

35. During the aforementioned telephone call, MEJIA was asked if he was requesting a "13," an NYPD code that indicates that a police officer needs assistance.

36. MEJIA responded that he was requesting a "13" and falsely indicated that the situation was "out of control" and the perpetrator was "trying to get away."

37. NYPD officers responded to MEJIA's call and arrived at the location.

38. When the responding NYPD officers arrived, they spoke only with MEJIA and not plaintiff, and falsely arrested plaintiff based on MEJIA's false allegations and MEJIA's authority as a police officer.

39. When plaintiff asked why he was being arrested, he was informed that he purportedly "argued with a Sergeant."

40. Plaintiff, who was bleeding and otherwise visibly injured and in need of medical treatment from the beating inflicted on him by MEJIA, stated that he needed an ambulance.

41. Plaintiff's request was ignored.

42. Plaintiff was taken in handcuffs to the NYPD 107th precinct.

43. An ambulance was eventually called, which transported plaintiff to New York Hospital in Queens on a long board and in a cervical collar, where plaintiff received treatment for his injuries, including facial and neck injuries, and other injuries, including dizziness, bleeding, headaches, back pain and testicular pain.

44. Two detectives from, upon information and belief, the NYPD Internal Affairs Bureau, responded to the hospital pursuant to NYPD protocol when a prisoner is injured in

custody. Instead of making efforts to determine if MEJIA had committed misconduct, they stated that they were siding with MEJIA.

45. After plaintiff's release from the hospital, he remained in police custody, and was eventually transported to Queens Central Booking pending his arraignment on criminal charges.

46. Plaintiff was arraigned the next day in Queens County Criminal Court under docket number 2012QN051677, which contained manufactured and false allegations asserted by MEJIA, including the false allegations, among others, that plaintiff purportedly punched MEJIA in the face and banged on MEJIA's car. The aforementioned allegations were false, manufactured, and created by MEJIA to cover up the above mentioned acts of brutality and abuse of authority, and to otherwise avoid punishment for said acts of brutality by the NYPD or other investigative bodies.

47. As a result of the manufactured allegations, plaintiff returned to court on approximately three occasions.

48. On January 23, 2013, the criminal charges were sealed pursuant to New York Criminal Procedure Law Section 160.55 after a non-criminal disposition was entered pursuant to a plea agreement.

49. Defendants JOHN AND JANE DOE 1 through 5 supervised MEJIA, and, upon information and belief, knew or should have known of MEJIA's violent propensities and failed to properly monitor, train, supervise, reprimand and/or discipline him.

50. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees; and pursuant to customs or practices of using excessive force against individuals, falsification, of lax investigations of police

misconduct, and of covering up abuse by fellow officers.

51. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendant MEJIA, are insufficiently trained regarding the use of force, engage in a practice of falsification, and engage in cover ups of police abuse, and that they act under and abuse their authority as police officers even when off duty.

52. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

53. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that MEJIA lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as a police officer. Despite such notice, defendant CITY of NEW YORK has retained MEJIA and failed to adequately train, discipline, and supervise them.

54. Plaintiff continues to suffer from vertigo, dizziness, headaches, neck pain, numbness, and other ailments arising from MEJIA's unprovoked attack, and has been forced to ingest medications and to undergo medical treatment and therapy for his injuries.

55. As a result of the foregoing, plaintiff GAMAL ABDELAZIZ sustained, *inter alia*, physical injuries which are progressive and apparently permanent, emotional distress, and deprivation of his constitutional rights.

**Federal Claims**

**AS AND FOR A FIRST CAUSE OF ACTION**
(Deprivation of Rights Under 42 U.S.C. § 1981 and 1983)

56. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "55" with the same force and effect as if fully set forth herein.

57. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

58. All of the aforementioned acts deprived plaintiff GAMAL ABDELAZIZ of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

59. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

60. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

61. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

62. As a result of the foregoing, plaintiff GAMAL ABDELAZIZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Excessive Force under 42 U.S.C. § 1983)

63. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64. The level of force employed by defendant MEJIA was excessive, objectively unreasonable and otherwise in violation of plaintiff GAMAL ABDELAZIZ'S constitutional rights.

65. As a result of the aforementioned conduct of the defendants, plaintiff GAMAL ABDELAZIZ was subjected to excessive force and sustained serious physical injuries and emotional distress.

66. As a result of the foregoing, plaintiff GAMAL ABDELAZIZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Supervisory Liability under 42 U.S.C. § 1983)

67. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

69. As a result of the foregoing, plaintiff GAMAL ABDELAZIZ is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

70. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

72. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, using excessive force against individuals and then covering up said acts by manufacturing evidence and otherwise engaging in falsification. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff GAMAL ABDELAZIZ'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

73. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff GAMAL ABDELAZIZ.

74. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff GAMAL ABDELAZIZ as alleged herein.

75. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff GAMAL ABDELAZIZ as alleged herein.

76. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff GAMAL ABDELAZIZ was subjected to excessive force.

77. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff GAMAL ABDELAZIZ'S constitutional rights.

78. All of the foregoing acts by defendants deprived plaintiff GAMAL ABDELAZIZ of federally protected rights, including, but not limited to, the right to be free from excessive force.

79. As a result of the foregoing, plaintiff GAMAL ABDELAZIZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

### **Supplemental State Law Claims**

80. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon,

presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

82. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

83. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

84. Plaintiff has complied with all conditions precedent to maintaining the instant action.

85. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

86. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "85" with the same force and effect as if fully set forth herein.

87. As a result of the foregoing, plaintiff GAMAL ABDELAZIZ was placed in apprehension of imminent harmful and offensive bodily contact.

88. As a result of the defendants' conduct, plaintiff GAMAL ABDELAZIZ has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

89. As a result of the foregoing, plaintiff GAMAL ABDELAZIZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

90. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "89" with the same force and effect as if fully set forth herein.

91. Defendant MEJIA made offensive contact with plaintiff GAMAL ABDELAZIZ without privilege or consent.

92. As a result of defendants' conduct, plaintiff GAMAL ABDELAZIZ has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

93. As a result of the foregoing, plaintiff GAMAL ABDELAZIZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

94. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "93" with the same force and effect as if fully set forth herein.

95. Defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of: defendant MEJIA, who assaulted and battered plaintiff and manufactured evidence against plaintiff, and; of the aforementioned defendants who supervised defendant MEJIA.

96. Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct

heretofore alleged in this Complaint.

97. As a result of the foregoing, plaintiff GAMAL ABDELAZIZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(<u>Negligent Training and Supervision under the laws of the State of New York</u>)

98. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "97" with the same force and effect as if fully set forth herein.

99. Defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of: defendant MEJIA, who assaulted and battered plaintiff and manufactured evidence against plaintiff, and; of the aforementioned defendants who supervised defendant MEJIA.

100. As a result of the foregoing, plaintiff GAMAL ABDELAZIZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(<u>*Respondeat Superior* liability under the laws of the State of New York</u>)

101. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "100" with the same force and effect as if fully set forth herein.

102. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents, including MEJIA, who was acting in the scope of his employment when

he engaged in the wrongful conduct described herein.

103. As a result of the foregoing, plaintiff GAMAL ABDELAZIZ is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff GAMAL ABDELAZIZ demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
October 14, 2014

        LEVENTHAL & KLEIN, LLP
        Attorneys for Plaintiff GAMAL ABDELAZIZ
        45 Main Street, Suite 230
        Brooklyn, New York 11201
        (718) 722-4100

        By:  /s/ Brett Klein
           BRETT H. KLEIN (BK4744)
           JASON LEVENTHAL (JL 1067)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

GAMAL ABDELAZIZ,

                                         Plaintiff,           13 CV 7268
                                                                   (SJ) (VMS)

       -against-

CITY OF NEW YORK, MILKO MEJIA, Individually,
and JOHN and JANE DOE 1 through 5, Individually (the names
John and Jane Doe being fictitious, as the true names are presently
unknown),

                                          Defendants.

--------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100