UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
GAMAL ABDELAZIZ,

              Plaintiff,

              13 CV 7268 (SJ) (VMS)

    -against-              **MEMORANDUM AND ORDER**

CITY OF NEW YORK, et al.,

              Defendants.
-------------------------------------------------------X
A P P E A R A N C E S

BRETT G. KLEIN PLLC
305 Broadway
Suite 600
New York, NY 10007
*Attorney for Plaintiff*

LEVENTHAL LAW GROUP, PC
45 Main Street
Suite 230
Brooklyn, NY 11201
By: Jason Leventhal
*Attorney for Plaintiff*

NEW YORK CITY LAW DEPARTMENT
100 Church Street
New York, NY 10007
By:    Ben Kuruvilla

JOHNSON, United States District Judge:

       Presently before the Court is Defendants' motion to dismiss. Based on the submissions of the parties, oral argument held on June 30, 2015, and for the reasons stated below, Defendants' motion is denied.

1

## BACKGROUND

The following recitation of facts come from the Second Amended Complaint and certain documents incorporated by reference therein. Plaintiff Gamal Abdelaziz ("Plaintiff" or "Abdelaziz") is an American citizen of Egyptian descent. On September 24, 2012, at approximately 4:40pm, Abdelaziz was driving his car in a supermarket parking lot in Queens, New York. Driving behind him was defendant Milko Mejia ("Mejia"), an off duty New York City Police ("NYPD") Officer. Mejia honked his horn and Plaintiff pulled aside. Mejia honked again and Plaintiff again moved his vehicle. Mejia drove to the side of Plaintiff's vehicle and called Plaintiff a "fucking asshole," to which Plaintiff retorted that Mejia was instead the "asshole." Mejia then moved his car in front of Plaintiff's, exited the vehicle and resumed cursing at Plaintiff, calling him a "terrorist piece of shit" who should "go back home." Plaintiff also exited his vehicle. Mejia allegedly identified himself as a police officer and demanded Abdelaziz's driver's license, and car keys. Plaintiff asked for Mejia's badge number. Mejia said "I'm not going to give you shit." Plaintiff told Mejia that it was wrong to behave this way in front of the child in Mejia's car. Mejia then kicked Plaintiff in the groin "striking his testicles and causing severe pain." He then chased Abdelaziz back to his car, continuing to strike him.

Mejia returned to his vehicle and called for police assistance, utilizing the police code for same ("10-13") and stating that the "perpetrator" was "trying to get

away." Assistance arrived and Abdelaziz was arrested. When he asked why, he was told that he "argued with a Sergeant." Plaintiff, who was bleeding, requested medical assistance. The request was ignored until after Plaintiff was taken to the 107 precinct. He was later taken to New York Hospital where he was treated for facial and neck injuries, dizziness, bleeding, headache and back and testicular pain.

Plaintiff remained in custody until the following day, when he was arraigned in Queens County Criminal Court on charges of assault, endangering the welfare of a child and harassment. According to the criminal complaint, Plaintiff was the first aggressor, who punched Mejia in the face after pounding on Mejia's door window. Plaintiff ultimately pled guilty to disorderly conduct on January 29, 2013.

In the Second Amended Complaint, Plaintiff alleges a deprivation of rights under 42 U.S.C. §§ 1981 and 1983, excessive force under 42 U.S.C. § 1983, supervisory liability and state law assault and battery. Mejia answered the Second Amended Complaint and filed crossclaims against the City in which he states that, if he is found to have acted under color of law, then the City is responsible under the principal of *respondeat superior*, and he is entitled to indemnification. Mejia also filed counterclaims against Abdelaziz under state law, alleging assault, battery and negligence. The City now moves to dismiss the Second Amended Complaint and Mejia's crossclaims.

DISCUSSION

When considering a 12(b)(6) motion to dismiss, the Court must determine whether or not a claim is legally sufficient. See Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). It is well settled that, in order to survive a §12(b) motion to dismiss, a Plaintiff must allege sufficient factual matter to state a claim that can plausibly give rise to entitlement to relief. See Morgan v. Cty. of Nassau, 720 F. Supp. 2d 229, 234 (E.D.N.Y. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not legally sufficient to withstand a 12(b)(6) motion. Iqbal, 556 U.S. at 678. Plaintiff must offer "enough facts to state a claim to relief that is plausible on its face." Id. (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)). However, the Plaintiff need not set forth a multitude of facts to survive a motion to dismiss; rather, a "short and plain statement of the claim showing that the pleader is entitled to relief" will suffice. Fed. R. Civ. P. 8(a)(2). The Court must accept all of the allegations in the complaint as true, and construe all reasonable inferences in favor of the plaintiff. See Connell v. Signoracci, 153 F.3d 74(2d Cir. 1998).

This case turns on two unknowns: (1) whether Mejia was acting under the color of law at the time of the incident; and, *if so*, (2) whether Abdelaziz was deprived of a constitutional right. Because we cannot answer the former at this stage, we cannot answer the latter and the motion must be denied.

"There is no bright line test for distinguishing 'personal pursuits' from activities taken under color of law." Claudio v. Sawyer, 675 F. Supp. 2d 403, 408 (S.D.N.Y. 2009) aff'd 409 F. App'x 464 (2d Cir. 2011). The relevant question in deciding whether an officer was acting under color of law is not whether the officer "was on or off duty when the challenged incident occurred," but whether the officer "albeit off-duty, nonetheless invokes the real or apparent power of the police department" or "perform[s] duties prescribed generally for police officers." Id.

This case is fact-intensive. Abdelaziz claims Mejia blocked his car, cursed at him, initiated a physical fight, used police lingo in calling 911 and used those same connections to get Abdelaziz arrested and labeled the first-aggressor. Mejia claims Abdelaziz was the first to exit his car, pounded on Mejia's window and punched him in the face. The goings-on in that parking lot must, at this stage, be taken as recited in the Second Amended Complaint and fleshed out in discovery.

It matters not that a criminal complaint charges Plaintiff with being the aggressor nor that he pled guilty to disorderly conduct. A criminal complaint is merely Mejia's version of events (which cannot trump the four corners of the Second Amended Complaint) and a plea of guilty to disorderly conduct is not mutually exclusive with a deprivation of a civil right. The City relies on cases that decide the color of law question in favor of the City at the summary judgment stage or later, which is telling. See, e.g., Mahmood v. City of New York, No. 01 CV 5899 (SAS), 2003 WL 21047728, at * (S.D.N.Y. May 8, 2003) (granting summary

judgment where officer involved in traffic accident identified himself of a member of the service, assaulted another driver, failed to notify the NYPD that he identified himself as an officer to plaintiff, and subsequently suffered a command discipline by the department); Turk v. McCarthy, 661 F. Supp. 1526 (E.D.N.Y. 1987) (granting summary judgment where off-duty NYPD officer shot a security guard after an altercation at an amusement park outside of the five boroughs of New York City); Cardona v. Cruz, 705 N.Y.S.2d 368, 368-69 (N.Y. App. Div. 2000) (granting summary judgment where off-duty officer shot plaintiff who was dating the officer's ex-wife and against whom the ex-wife had filed an order of protection); Johnson v. City of New York, 702 N.Y.S. 2d 636 (N.Y. App. Div. 2000) (reversing plaintiff's judgment in wrongful death action where off-duty officer had a history of off-duty rows with the decedent and was ultimately convicted of manslaughter of the decedent); Davis v. City of New York, 226 A.D.2d 271, 272 (N.Y. App. Div. 1996) (reversing judgment of $1,200,000 where off-duty corrections officer arrested plaintiff after plaintiff allegedly cut in front of him in line at McDonald's because "there was absolutely no basis upon which to conclude that the correction officer was acting within the scope of his employment"); Stavitz v. City of New York, 471 N.Y.S.2d 272 (N.Y. App. Div. 1984) (reversing denial of directed verdict for the City where off-duty officer attacked next door neighbor after a dispute about the effect, if any, plaintiff's construction job would have on the officer's property).

## CONCLUSION

For the foregoing reasons, the motion to dismiss is denied, except as to the extent Plaintiff has forfeited certain claims.[1] The parties are directed to proceed expeditiously with discovery.

SO ORDERED.

Dated: April 14, 2016  _____/s_____
Brooklyn, New York  Sterling Johnson, Jr., U.S.D.J.

---

[1] In his memorandum opposing the instant motion, Plaintiff withdrew his claims of supervisory liability, municipal liability under Monell, negligent hiring and negligent training.